IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

MIGUEL KERCHERVAL,

        Defendant.
_____/

CIV. NO. S-11-1528 EJG
CR. NO. S-07-0074 EJG

<u>ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE</u>

Defendant, a federal prisoner proceeding <u>pro se</u>, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. After reviewing the record, the documents filed in connection with the motion, and the applicable law, the court has determined it may be decided without an evidentiary hearing because the files and records of the case affirmatively show the factual and legal invalidity of defendant's arguments. <u>Shah v. United States</u>, 878 F.2d 1156, 1158-59 (9th Cir. 1989). For the reasons that follow, the motion is DENIED.

1

## Background

Defendant pled guilty June 13, 2008 to four counts of bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d). The pleas were entered without a plea agreement. On November 19, 2008, defendant was sentenced to 188 months incarceration on each count, to be served concurrently with each other, and concurrently with a previously-imposed sentence in a separate bank robbery case in the District of Nevada, 3:06cr166 ECR-RAM. The convictions were affirmed on appeal by the Ninth Circuit in a memorandum disposition filed March 12, 2010.

## Discussion

In his motion defendant argues that trial counsel was ineffective for failing to seek a downward departure pursuant to U.S.S.G. § 5G1.3 for time defendant spent in custody awaiting disposition of both the instant case and the Nevada case. He seeks a reduction in his sentence of 25 months.

Defendant was arrested on the Nevada bank robbery October 18, 2006. He pled guilty March 12, 2007, and was sentenced on that offense December 17, 2007 to a term of 87 months. Meanwhile, on March 1, 2007, he was indicted on the four bank robberies in the instant case. Defendant argues that his counsel was ineffective for failing to seek a downward departure for the time spent in custody between his initial arrest on the Nevada case October 18, 2006 and his sentencing in the California case November 19, 2008, a period of 25 months. In opposition to the

motion, the government contends that defendant has failed to prove counsel's actions were anything other than strategic.

To prevail on a claim of ineffective assistance of counsel, defendant must demonstrate that counsel's performance was deficient, and but for the deficiencies, the outcome would have been different. See generally, Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). Defense counsel is presumed to have acted reasonably and to have provided constitutionally adequate assistance. Id. 104 S.Ct. at 2065. Moreover, second guessing of counsel's tactical decisions after conviction cannot form a basis for a claim of ineffective assistance. See Strickland, 104 S.Ct. 2065 (counsel's performance must be evaluated without the "distorting effects of hindsight").

Here, defendant appears to argue in hindsight that had his attorney performed in a different manner, defendant would have received a lesser sentence. However, to prevail on a claim of ineffective assistance of counsel *in the context of a guilty plea*, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Nowhere in defendant's motion or supporting declaration does he make such an assertion. Instead he argues that a reasonably competent attorney would have sought a downward departure, which the court is "reasonably likely" to have granted.

In her declaration, defense counsel explains that she encouraged defendant to allow her to pursue a negotiated plea agreement with the government to avoid the very issue that he now raises. Namely, that U.S.S.G. § 5G1.3(b) might have applied and would have *directed* the court to grant a downward departure for time already served, instead of *hoping* that, in its discretion, the court might ultimately grant a defense motion for a departure under § 5G1.3( c ). However, defendant in a desire to get out of local custody and into federal custody as soon as possible, wanted counsel to move quickly, without allowing sufficient time for a negotiated plea. Nonetheless, counsel says she could have made a departure motion on defendant's behalf and cannot recall why she did not do so.

Counsel's decision not to file a motion for a downward departure, whether for strategic reasons or because she simply did not think of it at the time, "was within the range of competence demanded of attorneys in criminal cases." McMann v. Richardson, 397 U.S. 759, 771 (1970). Moreover, defendant has failed to show that counsel's performance affected the outcome of the plea process. To satisfy the prejudice prong, defendant must show he would not have pled guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. at 59. This he has not done.

## Conclusion

The motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED. The Clerk of Court is directed to close companion civil case Civ. No. S-11-1528 EJG.

## Certificate of Appealability

Pursuant to recent Ninth Circuit authority, the court addresses the issue of *certificate of appealability* as part of the ruling on the post-conviction motion. In a § 2255 proceeding, "an applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253( c )." Fed. R. App. P. 22(b). Such certification may issue "only if [defendant] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b)(1).

For all of the reasons stated above, defendant has not made a substantial showing of the denial of a constitutional right. A certificate of appealability will not issue.

IT IS SO ORDERED.

Dated: December 19, 2011

/s/ Edward J. Garcia
EDWARD J. GARCIA, JUDGE
UNITED STATES DISTRICT COURT